IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 1:24-cv-00633-RMR-KAS

ASIA HOWELL and DEMARKIS MCCOLLISTER,
individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

GATE GOURMET, INC.,

    Defendant.

---

**ORDER ADOPTING MAGISTRATE JUDGE RECOMMENDATION**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Kathryn A. Starnella entered on October 29, 2024, ECF No. 32, addressing Plaintiffs' Motion to Remand, ECF No. 15. Magistrate Judge Starnella recommends that Plaintiffs' motion be granted and that the matter be remanded to the District Court for Arapahoe County, Colorado, pursuant to 28 U.S.C. § 1447(c).

Defendant timely filed an objection to the Recommendation at ECF No. 34. Plaintiffs filed a response at ECF No. 35. The Court has received and considered the Recommendation, the Objection, the record, and the pleadings. For the reasons stated below, the Court overrules Defendant's objection and adopts the Recommendation.

**I.    LEGAL STANDARD**

The Court is required to make a de novo determination of those portions of a magistrate judge's recommendation to which a specific, timely objection has been made,

and it may accept, reject, or modify any or all of the magistrate judge's findings or recommendations.  28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). When no proper objection is filed, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[1] Fed. R. Civ. P. 72(b) advisory committee's note to 1993 amendment.

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).  *See, e.g., Nat. Jewish Health v. WebMD Health Servs. Grp., Inc.*, 305 F.R.D. 247, 249 n.1 (D. Colo. 2014) (Daniel, J.).

## II. ANALYSIS

The parties do not object to the factual or procedural background discussed in the Recommendation. Accordingly, the Court adopts and incorporates the factual and procedural background included within the Recommendation as if set forth herein.

Defendant objects solely to the Magistrate Judge's conclusion that the Railway Labor Act ("RLA") does not completely preempt Plaintiffs' state law claims for (1) failure to provide compensated rest periods in violation of the Colorado Wage Act, C.R.S § 8-4-101 *et seq.* and 7 C.C.R. 1103-1 and (2) failure to provide compensated rest periods in violation of the Colorado Minimum Wages of Workers Act, C.R.S. § 8-6-101 and 7 C.C.R. 1103-1:8. Magistrate Judge Starnella recommends that this case be remanded, finding that "the [RLA] does not completely preempt a state-law claim concerning rates of pay, rules, or working conditions" and "[w]ithout complete preemption, federal question jurisdiction does not exist, and removal cannot occur." ECF No. 32 at 15. Defendant argues that the Magistrate Judge erred in in her Recommendation because Supreme Court and Tenth Circuit law supports a finding that the RLA completely preempts Plaintiffs' claims. ECF No. 34 at 3. Upon de novo review, the Court agrees with the Magistrate Judge's Recommendation.

### A. Preemption

Defendant removed this case on the basis that the Court has federal question jurisdiction because the RLA completely preempts Plaintiff's state law claims. ECF No. 1. A district court may exercise federal question jurisdiction over any action "arising under" federal law. 28 U.S.C. § 1331. A case arises under federal law when the complaint

3

"establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal*., 463 U.S. 1, 27-28 (1983). Pursuant to the "well-pleaded complaint" rule, "federal jurisdiction can only exist where a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Colorado ex rel. Salazar v. Ace Cash Exp., Inc*., 188 F. Supp. 2d 1282, 1283–84 (D. Colo. 2002) (citing *Cisneros v. ABC Rail Corp*., 217 F.3d 1299, 1302 (10th Cir.2000)). If the plaintiff's complaint demonstrates that the case " 'arises under' federal law," the defendant may remove the case to federal court. *Franchise Tax Bd*., 463 U.S. at 10.

"Federal pre-emption is ordinarily a federal defense to the plaintiff's suit." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Accordingly, federal preemption[2] typically "does not appear on the face of a well-pleaded complaint," and would not "authorize removal to federal court." *Id.* <u>Complete</u> preemption, however, may justify removal. *Id.* at 63–64. Complete preemption is an independent corollary or exception to the well-pleaded complaint rule. *Caterpillar*, 482 U.S. at 393; *Devon Energy Production Co. v. Mosaic Potash Carlsband, Inc*., 693 F.3d 1195, 1204 (10th Cir. 2012); *Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996). The complete preemption doctrine applies when

---

[2] Federal or "ordinary" preemption "occurs when there is the defense of 'express preemption,' 'conflict preemption,' or 'field preemption' to state law claims." *Meade v. Avant of Colorado, LLC*, 307 F. Supp. 3d 1134, 1140 (D. Colo. 2018). Express preemption is limited to those situations where a federal statute expressly preempts state law. *Arizona v. United States*, 567 U.S. 387, 132 S.Ct. 2492, 183 L.Ed.2d 351 (2012). Conflict preemption contemplates those situations where it is impossible to comply with both federal and state law, and state law creates an obstacle to the congressional intention in enacting a federal statute. *Id.* Field preemption occurs where a pervasive framework leaves no room for the state to act, or where the federal interest is so dominant that it precludes enforcement of state law on the same subject. *Id.*

4

"the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.' " *Caterpillar*, 482 U.S. at 393 (quoting *Metro. Life*, 481 U.S. at 65). "When the federal statute completely preempts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law," and the claim is removable. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003). [T]he 'complete preemption' doctrine should be applied sparingly, and the case should be remanded [to state court] absent clear congressional intent to create removal jurisdiction." *Ace Cash,* 188 F. Supp. 2d at 1284 (citing *Schmeling*, 97 F.3d at 1342); *see also Anderson v. Lehman Bros. Bank*, 528 F. App'x 793, 795 (10th Cir. 2013) ("There is a presumption against removal jurisdiction ... and the party seeking removal has the burden of proof to establish jurisdiction." (citations omitted)). "The circumstances are so rare in fact that the Supreme Court has recognized complete preemption in only three areas: § 301 of the Labor Management Relations Act of 1947 ("LMRA"), § 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), and actions for usury against national banks under the National Bank Act." *Devon*, 693 F.3d at 1204-05.

The Tenth Circuit has held that a claim of complete preemption requires a two-part analysis in which the Court asks: whether "the federal question at issue preempts the state law relied on by the plaintiff"; and "whether Congress intended to allow removal in such a case, as manifested by the provision of a federal cause of action." *Dutcher v. Matheson*, 733 F.3d 980, 985–86 (10th Cir. 2013) (quoting *Devon*, 693 F.3d at 1205).

Generally, the Court will address the second prong of the analysis first because "[t]he existence of a potential federal cause of action is critical; complete preemption is not the same as preemption." *Id.* at 986; *accord Schmeling v. NORDAM*, 97 F.3d 1336, 1343 (10th Cir. 1995) (interests of "comity and prudence" dictate that courts addressing remand should avoid needlessly addressing the first question, which will frequently require a discussion of the merits of the preemption defense). "That is, a state cause of action may not be viable because it is preempted by federal law—but only if federal law provides its own cause of action does the case raise a federal question that can be heard in federal court." *Id.*

### B. Application to Plaintiffs' Claims

In its objection, Defendant reiterates its argument that the RLA completely preempts Plaintiffs' claims because, under the *Lingle* standard (used for determining preemption under § 301 of the LMRA and the RLA), state claims are preempted by the RLA whenever the claim's resolution calls for the application or interpretation of a collective bargaining agreement. *See* ECF No. 34 at 3 (citing *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 263 (1994)). According to Defendant, Plaintiffs' state law claims require interpretation of a collective bargaining agreement and are therefore completely preempted. In support of this argument, Defendant cites Tenth Circuit cases finding preemption under the RLA. But Defendant's argument misses the mark—although *Hawaiian Airlines* illustrates that Defendant may have a viable preemption <u>defense</u> to Plaintiffs' state law claims, it does not establish that <u>complete</u> preemption exists as is required to remove this action to federal court. *See Beneficial Nat. Bank*, 463 U.S. at 2,

6

123 S. Ct. at 1059 ("Potential defenses, including a federal statute's pre-emptive effect . . . do not provide a basis for removal."). Thus, while Defendant's argument answers the question as to the first prong of the complete preemption analysis, the second prong is dispositive here. That is because unlike the LMRA, the RLA does not provide the "exclusive cause of action for the claim asserted." *Beneficial Nat. Bank*, 539 U.S. at 8.

As explained above, the second prong of the complete preemption analysis asks whether Congress intended to allow removal in such a case, as manifested by the provision of a federal cause of action. To answer that question, the Magistrate Judge properly turned to the Supreme Court case which clarified the state of the complete preemption doctrine—*Beneficial Nat. Bank*, 539 U.S. 1. In *Beneficial Nat. Bank* (decided after *Hawaiian Airlines*), the Supreme Court clarified that it had found complete preemption only under the LMRA and ERISA, not the RLA. *Id.* at 8 ("In the two categories of cases where this Court has found complete pre-emption—certain causes of action under the LMRA and ERISA—the federal statutes at issue provided the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action."). It seems apparent that if *Hawaiian Airlines* had established that § 184 of the RLA, like § 301 of the LMRA, completely preempts state law causes of action within its scope, the Supreme Court in *Beneficial Nat'l Bank* would have discussed three, not two, categories of cases involving complete preemption. But it did not. Instead, it emphasized a key aspect of § 301 of the LMRA: it not only preempts state law, "but also authoriz[es] removal of actions that s[eek] relief only under state law." *Id.* at 6-7 (citing *Avco Corp. v. Machinists*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968)). Thus,

7

*Beneficial Nat. Bank* established that to determine whether a federal statute completely preempts a state law claim, the Court must ask whether the federal statute provides "the exclusive cause of action" for the asserted state law claim. *Id.* at 9. If so, the asserted state-law claim "is in reality based on federal law ... [and] is then removable under 28 U.S.C. § 1441(b), which authorizes any claim that 'arises under' federal law to be removed to federal court." *Id.* at 8.

Here, the RLA does not provide the exclusive cause of action for Plaintiffs' state law claims. Defendant contends Plaintiffs' claims are in reality "minor disputes" under the RLA. *See* 45 U.S.C. § 151a ("Minor disputes" are those that "gro[w] out of grievances or out of the interpretation or application of agreements covering rates of pay, rules, or working conditions."). But even if that is true, the RLA does not provide for minor disputes to be filed in the first instance in federal court. Instead, primary jurisdiction over minor disputes under the RLA exists solely in the adjustment boards established pursuant to 45 U.S.C. § 184. *See Consol. Rail Corp.*, 491 U.S. at 304, 109 S.Ct. 2477 ("The Board (as we shall refer to any adjustment board under the RLA) has exclusive jurisdiction over minor disputes."). Permitting removal would therefore lead to an absurd result— Defendant could remove the case to federal court, but then seek dismissal because adjustment boards, not federal courts, have primary jurisdiction over claims arising under the RLA. The same is not true for the LMRA, which allows disputes to be removed to federal court and adjudicated on the merits under that statute. *See Avco,* 390 U.S. at 560–62, 88 S.Ct. 1235. Accordingly, the Court concludes that complete preemption does not exist under the RLA. And although this question has not been squarely answered by

8

the Tenth Circuit, multiple circuits have come to the same conclusion. *See Krakowski v. Allied Pilots Ass'n*, 973 F.3d 833, 836 (8th Cir. 2020); *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1245 (9th Cir. 2009); *Wray v. United Air Lines, Inc.*, 184 F. App'x 120, 121 (2d Cir. 2006); *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 277 (2d Cir. 2005); *Roddy v. Grand Trunk W. R.R.*, 395 F.3d 318, 326 (6th Cir. 2005). Accordingly, the Court agrees with the Magistrate Judge that "[i]n the absence of Tenth Circuit authority, the weight of authority from other circuits teaches that the [RLA] does not completely preempt a state-law claim concerning rates of pay, rules, or working conditions. Without complete preemption, federal question jurisdiction does not exist, and removal cannot occur." ECF No. 32 at 15. Defendant's objection is overruled, and this case is remanded pursuant to 28 U.S.C. § 1447(c).

### III.   CONCLUSION

For the reasons set forth above, the Court ORDERS:

1. Defendant's Objection to the Recommendation, ECF No. 34, is OVERRULED;

2. The Recommendation, ECF No. 32, is ACCEPTED AND ADOPTED;

3. Plaintiffs' Motion to Remand to the District Court for Arapahoe County, Colorado, ECF No. 15, is GRANTED;

4. Defendant's Moton to Dismiss, ECF No. 11, is DENIED AS MOOT;[3]

5. Pursuant to 28 U.S.C. § 1447(c), this matter is REMANDED to the District Court for Arapahoe County, Colorado, due to lack of subject matter jurisdiction.

---

[3] Because the Court finds that it lacks subject matter jurisdiction over Plaintiffs' Complaint, ECF No. 6, it cannot act upon the Motion to Dismiss, ECF No. 11. *See, e.g., Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) ("A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking.").

9

DATED:  February 26, 2025

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge